**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS**

| | |
|---|---|
| AFENTRA BANDOKOUDIS           ) | |
| ) | |
| ) | Case No. |
| Plaintiff,           ) | |
| ) | |
| v.           ) | |
| ) | **JURY TRIAL DEMANDED** |
| Entercom Kansas City, LLC d/b/a KRBZ-FM   ) | |
| ) | |
| Serve:   The Corporation Company, Inc.   ) | |
|               112 SW 7th St.           ) | |
|               Suite 3C           ) | |
|               Topeka, KS 66603           ) | |
| ) | |
| Defendant.           ) | |

## COMPLAINT

COMES NOW Plaintiff Afentra Bandokoudis ("Bandokoudis"), by and through her undersigned counsel, and for her Complaint against Defendant Entercom Kansas City, LLC ("Entercom"), states, alleges, and avers as follows:

### PARTIES

1.   Plaintiff Bandokoudis is a female resident of Johnson County, Kansas.

2.   Defendant Entercom is a Delaware for-profit Limited Liability Company that is registered to do business in Kansas with its principal place of business located at 7000 Squibb Road, 2nd Floor, Mission, Kansas 66202.

3.   Defendant Entercom's Registered Agent, The Corporation Company, Inc., can be served with process at 112 SW 7th Street, Suite 3C, Topeka, KS 66603.

### JURISDICTION AND VENUE

4.   This action is brought to remedy unlawful discrimination and retaliation in violation of the Equal Pay Act at 29 U.S.C. § 206, *et seq.*, and in violation of 29 U.S.C. §

215(a)(3), a provision of the Fair Labor Standards Act ("FLSA") that establishes a cause of action for retaliation against employees who assert rights under the Equal Pay Act (collectively referred to herein as the "Equal Pay Act").

5. As it concerns the Equal Pay Act claims alleged herein, Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

6. The discriminatory and retaliatory conduct discussed herein is also the subject of charges of discrimination (Exhibit A), incorporated as if fully set forth herein, that were previously filed with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, ("Title VII").

7. Plaintiff has received Right to Sue letters from the EEOC (Exhibit B) pertaining to those charges of discrimination, and as such, Plaintiff has also satisfied all private, administrative, and judicial prerequisites to the institution of this action.

8. Venue and jurisdiction are properly laid in this Court because this is a judicial district in which defendant resides within the meaning of 28 U.S.C. § 1391, and because this is a judicial district in which defendant is subject to the Court's personal jurisdiction with respect to this action pursuant to 28 U.S.C. § 1391. *See also*, *Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014) (a corporation's place of incorporation is a "paradigm" basis general jurisdiction). In addition, and because Plaintiff was authorized to work for Defendant periodically in Kansas City, Missouri from her home office, venue is also appropriate pursuant to 42 U.S.C. Section 2000e–5(f)(3) because this is a judicial district in Plaintiff would have worked but for the unlawful employment practices alleged herein.

**FACTS COMMON TO ALL COUNTS**

9. At all times material hereto, the employees of Entercom were acting in the course and scope of their employment with Entercom, or were otherwise acting as agents of Entercom, and their conduct was authorized and ratified by Entercom.

10. Plaintiff is female.

11. Plaintiff began her employment with Entercom in 2002. She worked for one of Entercom's stations, 96.5 The Buzz ("The Buzz"), as its morning show co-host. Less than a year after she started, she became host. She remained the morning host until her termination from Entercom in August 2018 except for approximately two years when she moved to Seattle, Washington, from approximately 2007-2009.

12. Plaintiff reported to The Buzz's Program Director, Scott Geiger (the on-air personality known as and referred to herein as "Lazlo") between 2002 and 2018 before she was unlawfully terminated on August 1, 2018.

13. In addition to being Plaintiff's supervisor, Lazlo and Plaintiff were married to one another from approximately September 2005 to July 2018.

14. At all relevant times, Plaintiff performed substantially equal work as the male radio broadcasters including Lazlo and another on-air personality known as "Johnny Dare."

15. Despite Plaintiff's favorable ratings, Entercom paid the male radio broadcasters substantially more than Plaintiff.

16. Plaintiff's base salary at termination was approximately $100,000 and an endorsement rate of $500 per month.

17. The male on-air personalities, including Johnny Dare and Lazlo, were paid base salaries of at least $185,000. Upon information and belief, Johnny Dare's salary base salary was considerably higher than the $185,000.

18. In addition to higher base salaries, Lazlo's endorsement rate was at least $750 per month. Upon information and belief, Johnny Dare's endorsement rate was considerably higher than Lazlo's.

19. Male on-air personalities were given special bonuses that Plaintiff never received despite her show's performance. These special bonuses consisted of shares of Entercom stock of at least $10,000.

20. At all relevant times, Plaintiff's job as host of Entercom's morning show required substantially equal skill, effort, and responsibility as the male on-air personalities, and in particular Johnny Dare's morning show for KQRC, 98.9 The Rock ("The Rock").

21. Entercom compared Plaintiff's morning show to Johnny Dare's morning show for performance metrics and ratings.

22. Plaintiff performed substantially equal work to each of the male on-air personalities identified above for more than the past three years and for the overwhelming majority of her time with Entercom.

23. Entercom's morning show hosted by Plaintiff and the afternoon show hosted by Lazlo were the two most popular shows on 96.5 the Buzz. Plaintiff's morning show was outperforming Johnny Dare's morning show on The Rock and Lazlo's afternoon show on The Buzz in most of the key metrics used by Entercom via the Arbitron ratings system.

24. Similar to her male peers, Plaintiff's responsibilities were extremely broad and consistently required her to perform at a highly strategic and innovative level, and to generate revenue through endorsements for Entercom.

25. Once Entercom, Lazlo and Johnny Dare realized that Plaintiff's morning show was consistently outperforming Johnny Dare's morning show and Lazlo's afternoon show, Entercom began treating Plaintiff differently because of her gender.

26. Plaintiff was prevented from having guests on her show in an attempt to negatively impact Plaintiff's morning show's ratings. Johnny Dare was consistently able to have guests on his show and given preference with any guests, sales or clients that could apply to both stations and both stations demographics. This included comedy acts performing in the Kansas City metropolitan area.

27. Plaintiff was given a budget that was far less than the budget of Johnny Dare's show in an effort to slow down Plaintiff's morning show's performance.

28. Plaintiff was required to do her shows live while Plaintiff's male colleagues were allowed to record their shows.

29. At one point during Plaintiff's employment, Plaintiff was involved in a physical confrontation in the workplace. Entercom failed to investigate this altercation.

30. Shortly after the physical confrontation, Plaintiff's male colleagues were allowed to have listeners call in and degrade Plaintiff. Despite this behavior, Plaintiff's male colleagues were not investigated or reprimanded for their conduct or actions.

31. In 2015 Plaintiff had a conversation with her supervisor, Lazlo, regarding the discriminatory treatment and harassment Plaintiff was experiencing in the workplace. In this conversation Lazlo learned of a letter Plaintiff had written and was contemplating giving to Entercom. Lazlo berated Plaintiff about the information in the letter. After the conversation, Lazlo told Edwards of the information in the letter, including the harassment and discriminatory treatment Plaintiff was suffering, and that Plaintiff was contemplating filing a complaint.

32. Lazlo, Edwards and Entercom largely ignored Plaintiff's letter. Entercom failed to investigate Plaintiff's allegations. Instead, they continued to cripple Plaintiff's attempt to enjoy a harassment free work environment and refused to establish equal pay practices at Entercom Kansas City.

33. Prior to her termination, Plaintiff made a complaint about Lazlo's treatment and informed Edwards that she could not work for Lazlo anymore. At the time, Edward's agreed and appeared to replace Lazlo as Plaintiff's supervisor.

34. Shortly after Lazlo was replaced as Plaintiff's supervisor, Lazlo removed Plaintiff's morning show from all of the Buzz's social media outlets.

35. Lazlo eventually was allowed to remove the morning show, during an event with Plaintiff's name attached to it. As a result, Edwards emailed Plaintiff and the staff stating that Lazlo was the boss and approval from Lazlo was needed for social media posts.

36. In response to her complaint, Edwards effectively took away Plaintiff's access to the morning show's social media. Plaintiff was now required to seek prior permission from Lazlo, her former supervisor, to use social media, despite Plaintiff's complaints about Lazlo and request not to be supervised by him. Edwards also informed Plaintiff that not requesting permission would result in termination.

37. When Plaintiff requested permission of Lazlo to use social media to promote her morning show Lazlo ignored Plaintiff or delayed his response such that the opportunity to promote Plaintiff's morning show on social media had passed. Edwards was aware of the lack of responses or delayed responses.

38. Entercom's response to Plaintiff's complaints and disparity in pay was to terminate Plaintiff because of her gender.

39. Despite continuing to outperform Johnny Dare, Plaintiff's base salary was never increased.

40. Prior to her termination, Plaintiff made numerous requests to have her compensation increased and equalized to an amount commensurate with her duties and responsibilities.

41. Plaintiff was actually fired because of her sex, female, and because Entercom retaliated against her for engaging in protected activity on multiple occasions.

42. As a direct and proximate result of the wrongful, unlawful, retaliatory, and discriminatory policies, practices, and conduct described above and in the following paragraphs, Plaintiff has suffered irreparable injury, including past and future pecuniary losses, economic damages, emotional distress, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and reputational harm, and will continue to suffer the same unless and until this Court grants the requested relief.

43. Defendant's conduct was wanton, malicious, willful, or outrageous, was done with reckless disregard of its consequences, or was done with reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages in an amount that will serve to punish Defendant, and will serve to deter Defendant and others, from like conduct in the future.

44. Plaintiff also seeks compensatory damages, lost wages, back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest, punitive damages, equitable relief in the form of front pay, and reasonable attorneys' fees.

45. To the extent any back pay or lost wages are awarded, Plaintiff also seeks an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

46. Plaintiff also seeks an award of three years of back pay or lost wages based on Defendant's willful violations of the Equal Pay Act.

### COUNT I—DISCRIMINATION (EQUAL PAY ACT)

47. Plaintiff hereby incorporates each preceding paragraph as though fully set forth herein.

48. Defendant employed the Plaintiff and one or more members of the opposite sex in positions requiring substantially equal skill, effort, and responsibility.

49. Plaintiff and one or more members of the opposite sex performed their positions under similar working conditions.

50. Plaintiff was paid a lower wage than the members of the opposite sex who were performing substantially equal work under similar working conditions.

51. Plaintiff is now suffering and will continue to suffer irreparable injury and damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

52. As a direct and proximate result of Defendant's actions and/or inactions, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

53. As a direct and proximate result of Defendant's actions and/or inactions, Plaintiff has suffered past and future pecuniary losses, humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, related compensatory damages, and the additional damages alleged in the preceding paragraphs.

54. Plaintiff is entitled to recover from Defendant reasonable attorneys' fees, as provided in 29 U.S.C. § 216(b).

55. To the extent any back pay or lost wages are awarded, Plaintiff also seeks an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

56. Plaintiff also seeks an award of three years of back pay or lost wages based on Defendant's willful violations of the Equal Pay Act.

57. Defendant acted with malice, willfulness, or reckless indifference to the federally protected rights of Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant on this Count of her Complaint, for a finding that Plaintiff has been subjected to unlawful discrimination prohibited by the Equal Pay Act; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of an additional, equal amount of back pay as liquidated damages pursuant to 29 U.S.C. § 216(b); for an award of three years of back pay and liquidated damages based on Defendant's willful violations of the Equal Pay Act; for an award of additional lost wages or back pay calculated from the date of Plaintiff's unlawful termination through the date of trial; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages; for equitable relief including reinstatement to a non-hostile, offensive, or intimidating work environment where Plaintiff is not subjected to discriminatory conduct and/or other hostile, offensive, or intimidating treatment; for Plaintiff's costs expended; for Plaintiff's reasonable attorneys' fees and expert's fees; for all other statutory or common law damages available to Plaintiff for a finding of liability on this count; for damages in such an amount as shall be fair and reasonable in excess of $75,000 for all injuries and damages alleged in the preceding paragraphs; and for such other and further relief the Court deems just and equitable under the circumstances.

**COUNT II—RETALIATION (EQUAL PAY ACT)**

58. Plaintiff hereby incorporates each preceding paragraph as though fully set forth herein.

59. Plaintiff complained to Defendant that she was being discriminated against on the basis of sex.

60. Plaintiff reasonably believed that she was being discriminated against on the basis of sex.

61. Plaintiff was subjected to materially adverse actions and was later discharged after she complained.

62. Plaintiff's treatment and discharge might well dissuade a reasonable worker in the same or similar circumstances from making or supporting a charge of discrimination.

63. There was a causal connection between Plaintiff's activity (i.e. her complaints to her employer) and the materially adverse actions and discharge imposed by Defendant.

64. Plaintiff is now suffering and will continue to suffer irreparable injury and damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

65. As a direct and proximate result of Defendant's actions and/or inactions, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

66. As a direct and proximate result of Defendant's actions and/or inactions, Plaintiff has suffered past and future pecuniary losses, humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, related compensatory damages, and the additional damages alleged in the preceding paragraphs.

67. Plaintiff is entitled to recover from Defendant reasonable attorneys' fees, as provided in 29 U.S.C. § 216(b).

68. To the extent any back pay or lost wages are awarded, Plaintiff also seeks an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

69. Plaintiff also seeks an award of three years of back pay or lost wages based on Defendant's willful violations of the Equal Pay Act.

70. Defendant acted with malice, willfulness, or reckless indifference to the federally protected rights of Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant on this Count of her Complaint, for a finding that Plaintiff has been subjected to unlawful discrimination prohibited by the Equal Pay Act; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of an additional, equal amount of back pay as liquidated damages pursuant to 29 U.S.C. § 216(b); for an award of three years of back pay and liquidated damages based on Defendant's willful violations of the Equal Pay Act; for an award of additional lost wages or back pay calculated from the date of Plaintiff's unlawful termination through the date of trial; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages; for equitable relief including reinstatement to a non-hostile, offensive, or intimidating work environment where Plaintiff is not subjected to discriminatory conduct and/or other hostile, offensive, or intimidating treatment; for Plaintiff's costs expended; for Plaintiff's reasonable attorneys' fees and expert's fees; for all other statutory or common law damages available to Plaintiff for a finding of liability on this count; for damages in such an amount as shall be fair and reasonable in excess of $75,000 for all injuries and damages alleged in the preceding paragraphs; and for such other and further relief the Court deems just and equitable under the circumstances.

## COUNT III—DISCRIMINATION (TITLE VII)

71. Plaintiff hereby incorporates each preceding paragraph as though fully set forth herein.

72. Defendant employed the Plaintiff and one or more members of the opposite sex in positions requiring substantially equal skill, effort, and responsibility.

73. Plaintiff and one or more members of the opposite sex performed their positions under similar working conditions.

74. Plaintiff was paid a lower wage than the members of the opposite sex who were performing substantially equal work under similar working conditions.

75. Defendant discriminated against Plaintiff with respect to her compensation, promotion, terms, conditions, or privileges of her employment because of her sex in violation of Title VII and/or otherwise adversely affected her status as an employee because of her sex in violation of Title VII.

76. Plaintiff is now suffering and will continue to suffer irreparable injury and damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

77. As a direct and proximate result of Defendant's actions and/or inactions, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

78. As a direct and proximate result of Defendant's actions and/or inactions, Plaintiff has suffered past and future pecuniary losses, humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, related compensatory damages, and the additional damages alleged in the preceding paragraphs.

79. Plaintiff is entitled to recover from Defendant reasonable attorneys' fees, as provided in Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k).

80. Defendant acted with malice, willfulness, or reckless indifference to the federally protected rights of Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant on this Count of her Complaint, for a finding that Plaintiff has been subjected to unlawful discrimination prohibited by the Equal Pay Act; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of an additional, equal amount of back pay as liquidated damages pursuant to 29 U.S.C. § 216(b); for an award of three years of back pay and liquidated damages based on Defendant's willful violations of the Equal Pay Act; for an award of additional lost wages or back pay calculated from the date of Plaintiff's unlawful termination through the date of trial; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages; for equitable relief including reinstatement to a non-hostile, offensive, or intimidating work environment where Plaintiff is not subjected to discriminatory conduct and/or other hostile, offensive, or intimidating treatment; for Plaintiff's costs expended; for Plaintiff's reasonable attorneys' fees and expert's fees; for all other statutory or common law damages available to Plaintiff for a finding of liability on this count; for damages in such an amount as shall be fair and reasonable in excess of $75,000 for all injuries and damages alleged in the preceding paragraphs; and for such other and further relief the Court deems just and equitable under the circumstances.

## COUNT IV—RETALIATION (TITLE VII)

81. Plaintiff hereby incorporates each preceding paragraph as though fully set forth herein.

82. Plaintiff complained to Defendant that she was being discriminated against on the basis of sex.

83. Plaintiff reasonably believed that she was being discriminated against on the basis of sex.

84. Plaintiff was subjected to materially adverse actions and was later discharged after she complained to her employer.

85. The Plaintiff's treatment and discharge might well dissuade a reasonable worker in the same or similar circumstances from making or supporting a charge of discrimination.

86. There was a causal connection between Plaintiff's activity (i.e. her informal complaints to Entercom) and the materially adverse actions and discharge imposed by Defendant.

87. Plaintiff is now suffering and will continue to suffer irreparable injury and damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

88. As a direct and proximate result of Defendant's actions and/or inactions, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

89. As a direct and proximate result of Defendant's actions and/or inactions, Plaintiff has suffered past and future pecuniary losses, humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, related compensatory damages, and the additional damages alleged in the preceding paragraphs.

90. Plaintiff is entitled to recover from Defendant reasonable attorneys' fees, as provided in Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k).

91. Defendant acted with malice, willfulness, or reckless indifference to the federally protected rights of Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant on this Count of her Complaint, for a finding that Plaintiff has been subjected to unlawful discrimination prohibited by the Equal Pay Act; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of an additional, equal amount of back pay as liquidated damages pursuant to 29 U.S.C. § 216(b); for an award of three years of back pay and liquidated damages based on Defendant's willful violations of the Equal Pay Act; for an award of additional lost wages or back pay calculated from the date of Plaintiff's unlawful termination through the date of trial; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages; for equitable relief including reinstatement to a non-hostile, offensive, or intimidating work environment where Plaintiff is not subjected to discriminatory conduct and/or other hostile, offensive, or intimidating treatment; for Plaintiff's costs expended; for Plaintiff's reasonable attorneys' fees and expert's fees; for all other statutory or common law damages available to Plaintiff for a finding of liability on this count; for damages in such an amount as shall be fair and reasonable in excess of $75,000 for all injuries and damages alleged in the preceding paragraphs; and for such other and further relief the Court deems just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues.

Designation of place of trial is Kansas City, Kansas.

Respectfully submitted,

**Krigel & Krigel, PC**

_____
Ivan L. Nugent          KS Bar #24512
Lara K. Pabst           KS Bar #24454
Krigel & Krigel, PC
(816) 756-5800 | Office
(816) 756-1999 | Fax
inugent@krigelandkrigel.com
lpabst@krigelandkrigel.com
4520 Main St., Suite 700
Kansas City, Missouri 64111

ATTORNEY FOR PLAINTIFF