**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| AFENTRA BANDOKOUDIS<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ENTERCOM KANSAS CITY, LLC<br>d/b/a KRBZ-FM<br><br>　　　　　Defendant. | Case No. 2:20-cv-02155-EFM-GEB |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S COMPLAINT

Defendant Entercom Kansas City, LLC, n/k/a Entercom Kansas, LLC (hereinafter referred to as "Entercom" or "Defendant") submits the following for their Answer and Affirmative Defenses to Plaintiff's Complaint.

### PARTIES

1. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 1, and, therefore, denies the same.

2. Defendant states that Entercom Kansas City, LLC recently changed its name to Entercom Kansas, LLC. Defendant further admits that Entercom Kansas, LLC is a Limited Liability Company organized and existing under the laws of the State of Delaware and that it is authorized to do business in the State of Kansas under the name Entercom Kansas City, LLC[1] with offices at 7000 Squibb Road, 2nd Floor, Mission, KS 66202. Defendant denies the remaining allegations contained in Paragraph 2.

---

[1] Defendant Entercom Kansas, LLC's intends to file an official name change with the State of Kansas. As soon as the name change is complete, Defendant will file a Notice of Name Change to reflect the proper entity name as the party defendant.

3.      Defendant admits the allegations contained in Paragraph 3.

## JURISDICTION AND VENUE

4.      Defendant denies the allegations contained in Paragraph 4.

5.      The allegations contained in Paragraph 5 state legal conclusions, therefore no response is required. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 5.

6.      The allegations in Paragraph 6 state legal conclusions, therefore no response is required. To the extent a response is necessary, Defendant states that to the best of its knowledge, Plaintiff appears to have filled out and signed a Charge of Discrimination and Amended Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC) and dual filed both with the Kansas Human Rights Commission ("KHRC") on or about November 1, 2018 and November 8, 2018, respectively, and those document(s) speak for themselves. Defendant otherwise denies the allegations contained in Paragraph 6, as well as any allegations contained in the document(s) referred to in Paragraph 6.

7.      The allegations in Paragraph 7 state legal conclusions, therefore no response is required. To the extent a response is necessary, Defendant states that to the best of its knowledge, on or about February 24, 2020, at the Plaintiff's request, the EEOC issued its Notice of Right to Sue and that document speaks for itself. Defendant otherwise denies the allegations contained in Paragraph 7, as well as any allegations contained in the document referred to in Paragraph 7.

8.      The allegations contained in Paragraph 8 state legal conclusions, therefore no response is required. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 8.

## FACTS COMMON TO ALL COUNTS

9. The allegations contained in Paragraph 9 state legal conclusions, therefore no response is required. To the extent a response is necessary, Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 9, and, therefore, denies the same.

10. Defendant admits the allegations contained in Paragraph 10.

11. Defendant admits that Plaintiff was an employee of Entercom from 2002 until November 2006 and again from August 2008[2] until 2018 and that Plaintiff hosted or co-hosted a morning show on the Entercom station known as 96.5 The Buzz. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 11 and, therefore, denies the same.

12. Defendant denies the allegations contained in Paragraph 12.

13. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 13, and, therefore, denies the same.

14. Defendant denies the allegations contained in Paragraph 14.

15. Defendant denies the allegations contained in Paragraph 15.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant denies the allegations contained in Paragraph 18.

19. Defendant denies the allegations contained in Paragraph 19.

20. Defendant denies the allegations contained in Paragraph 20.

21. Defendant denies the allegations contained in Paragraph 21.

---

[2] From November 2006 through August 2008 Plaintiff was an employee of Entercom Seattle, LLC n/k/a Entercom Washington, LLC.

22. Defendant denies the allegations contained in Paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.

24. Defendant denies that Plaintiff was similar to her male peers but admits that Plaintiff's duties required her to perform at a highly strategic and innovative level and required her to generate revenue through endorsements for Entercom. Defendant denies the remaining allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant denies the allegations contained in Paragraph 27.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 29, and, therefore, denies the same.

30. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 30, and, therefore, denies the same.

31. Defendant denies the allegations contained in Paragraph 31.

32. Defendant denies the allegations contained in Paragraph 32.

33. Defendant denies the allegations contained in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant denies that Plaintiff's show was removed or that Plaintiff's name was removed from an event. Defendant admits that after Plaintiff made inappropriate personal posts using the station's social media platform, Plaintiff was notified that, similar to all other dayparts for the station, use of the station's social media platforms was subject to approval by the station's Brand Manager. Defendant denies all remaining allegations contained in Paragraph 35.

36. Defendant denies that Plaintiff's access to the station's social media platforms was taken away. Defendant admits that after Plaintiff made inappropriate personal posts using the station's social media platform, Plaintiff was notified that, similar to all other dayparts for the station, use of station's social media platform was subject to approval by the station's Brand Manager. Defendant denies all remaining allegations contained in Paragraph 36.

37. Defendant denies the allegations contained in Paragraph 37

38. Defendant denies the allegations contained in Paragraph 38.

39. Defendant denies the allegations contained in Paragraph 39.

40. Defendant denies the allegations contained in Paragraph 40.

41. Defendant denies the allegations contained in Paragraph 41.

42. Defendant denies the allegations contained in Paragraph 42.

43. Defendant denies the allegations contained in Paragraph 43.

44. Defendant admits that Plaintiff's Complaint purports to seek certain damages, but Defendant denies that Plaintiff is entitled to any damages. Defendant denies the remaining allegations contained in Paragraph 44.

45. Defendant admits that Plaintiff's Complaint purports to seek certain damages, but Defendant denies that Plaintiff is entitled to any damages. Defendant denies the remaining allegations contained in Paragraph 45.

46. Defendant admits that Plaintiff's Complaint purports to seek certain damages, but Defendant denies that Plaintiff is entitled to any damages. Defendant denies the remaining allegations contained in Paragraph 46.

## COUNT I – DISCRIMINATION (EQUAL PAY ACT)

47. Defendant adopts and incorporates its Answers to Paragraphs 1 through 46 as if fully stated herein.

48. Defendant denies the allegations contained in Paragraph 48.

49. Defendant denies the allegations contained in Paragraph 49.

50. Defendant denies the allegations contained in Paragraph 50.

51. Defendant denies the allegations contained in Paragraph 51.

52. Defendant denies the allegations contained in Paragraph 52.

53. Defendant denies the allegations contained in Paragraph 53.

54. Defendant denies the allegations contained in Paragraph 54.

55. Defendant admits that Plaintiff's Complaint purports to seek certain damages, but Defendant denies that Plaintiff is entitled to any damages. Defendant denies the remaining allegations contained in Paragraph 55.

56. Defendant admits that Plaintiff's Complaint purports to seek certain damages, but Defendant denies that Plaintiff is entitled to any damages. Defendant denies the remaining allegations contained in Paragraph 56.

57. Defendant denies the allegations contained in Paragraph 57 and in the WHEREFORE Paragraph subsequent to Paragraph 57.

## COUNT II – RETALIATION (EQUAL PAY ACT)

58. Defendant adopts and incorporates its Answers to Paragraphs 1 through 57 as if fully stated herein.

59. Defendant admits that after Plaintiff was counseled regarding her poor attendance, Plaintiff complained about her pay – claiming that it was based on her gender. Defendant denies the remaining allegations contained in Paragraph 59.

60. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 60, and, therefore, denies the same.

61. Defendant denies the allegations contained in Paragraph 61.

62. Defendant denies the allegations contained in Paragraph 62.

63. Defendant denies the allegations contained in Paragraph 63.

64. Defendant denies the allegations contained in Paragraph 64.

65. Defendant denies the allegations contained in Paragraph 65.

66. Defendant denies the allegations contained in Paragraph 66.

67. Defendant denies the allegations contained in Paragraph 67.

68. Defendant admits that Plaintiff's Complaint purports to seek certain damages, but Defendant denies that Plaintiff is entitled to any damages. Defendant denies the remaining allegations contained in Paragraph 68.

69. Defendant admits that Plaintiff's Complaint purports to seek certain damages, but Defendant denies that Plaintiff is entitled to any damages. Defendant denies the remaining allegations contained in Paragraph 69.

70. Defendant denies the allegations contained in Paragraph 70 and in the WHEREFORE Paragraph subsequent to Paragraph 70.

### COUNT III – DISCRIMINATION (TITLE VII)

71. Defendant adopts and incorporates its Answers to Paragraphs 1 through 70 as if fully stated herein.

72. Defendant denies the allegations contained in Paragraph 72.

73. Defendant denies the allegations contained in Paragraph 73.

74. Defendant denies the allegations contained in Paragraph 74.

75. Defendant denies the allegations contained in Paragraph 75.

76. Defendant denies the allegations contained in Paragraph 76.

77. Defendant denies the allegations contained in Paragraph 77.

78. Defendant denies the allegations contained in Paragraph 78.

79. Defendant denies the allegations contained in Paragraph 79.

80. Defendant denies the allegations contained in Paragraph 80 and in the WHEREFORE Paragraph subsequent to Paragraph 80.

## COUNT IV – RETALIATION (TITLE VII)

81. Defendant adopts and incorporates its Answers to Paragraphs 1 through 80 as if fully stated herein.

82. Defendant admits that after Plaintiff was counseled regarding her poor attendance, Plaintiff complained about her pay – claiming that it was based on her gender. Defendant denies the remaining allegations contained in Paragraph 82.

83. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 83, and, therefore, denies the same.

84. Defendant denies the allegations contained in Paragraph 84.

85. Defendant denies the allegations contained in Paragraph 85.

86. Defendant denies the allegations contained in Paragraph 86.

87. Defendant denies the allegations contained in Paragraph 87.

88. Defendant denies the allegations contained in Paragraph 88.

89. Defendant denies the allegations contained in Paragraph 89.

90. Defendant denies the allegations contained in Paragraph 90.

91. Defendant denies the allegations contained in Paragraph 91 and in the WHEREFORE Paragraph subsequent to Paragraph 91.

## JURY DEMAND

Defendant denies the allegation under the heading Jury Demand in the Complaint that Plaintiff can demand a jury trial but admits that the trial of this matter to the Court should take place in Kansas City, Kansas.

## AFFIRMATIVE DEFENSES

1. Defendant denies each and every allegation, count, claim, and prayer of Plaintiff's Complaint which is not specifically and expressly admitted herein.

2. The allegations contained within Plaintiff's Complaint fail to state a claim upon which relief can be granted against Defendant.

3. Plaintiff is not entitled to relief requested as a matter of fact or law.

4. Plaintiff's claims are barred because Plaintiff's employment with Defendant was pursuant to an employment contract that expired according to its own terms.

5. Plaintiff's damages, which Defendant explicitly denies, are not of the nature or extent alleged by Plaintiff in her Complaint.

6. Defendant denies that it engaged in any wrongful or unlawful conduct whatsoever and denies that Plaintiff is entitled to any legal or equitable relief.

7. Plaintiff cannot meet her burden of proving a claim of gender discrimination and/or Equal Pay Act because Plaintiff's gender did not play a role and did not have a determinative influence on the terms and conditions of her employment, including her pay, or the decision to

allow her contract to expire according to its own terms and not renew, and was not a motivating factor in any such decision.

8. Plaintiff cannot meet her burden of proving her claims of retaliation because neither her gender nor any alleged request for payment or alleged complaint of discrimination played a role or had any determinative influence on the terms and conditions of her employment, including her pay, or the decision to allow her contract to expire according to its own terms and not renew, and was not a motivating factor in any such decision.

9. Plaintiff's claims are barred in whole or in part because Defendant has substantially complied with all applicable statutes, regulations, laws, contractual obligations and/or industry standards.

10. Plaintiff's claims should be dismissed because Defendant's actions with respect to Plaintiff's employment were lawfully justified, based upon legitimate, non-discriminatory, and non-retaliatory business reasons, and were made in good faith. Further, Defendant's decision to allow Plaintiff's contract to expire according to its own terms and not renew was an exercise of sound business judgment without regard to Plaintiff's gender, her alleged claims of pay disparity and/or her alleged complaints of discrimination.

11. Plaintiff is not damaged to the extent claimed, if at all.

12. No act or omission by Defendant was the proximate cause of injury or damages allegedly suffered by Plaintiff.

13. Plaintiff's recovery is barred in whole or in part by her failure to exercise reasonable care and diligence to mitigate any alleged damages including, but not limited to, finding and maintaining subsequent employment. Further, Plaintiff's damages, if any, must be reduced by any actual amounts Plaintiff has earned in mitigation of her damages.

14. Any improper employment action taken by any representatives of Defendant, which is expressly denied, was taken without authority, knowledge, or approval of Defendant, in conflict with Defendant's policies, and outside the course and scope of the employment of the individual taking such action.

15. Any claims made against Defendant for punitive damages are barred because the alleged wrongful conduct toward Plaintiff, if it occurred, which is expressly denied, was not authorized, ratified, or approved by Defendant.

16. Plaintiff is not entitled to punitive damages because Defendant has endeavored in good faith to comply with all applicable state and federal employment laws.

17. Plaintiff is not entitled to punitive damages because Defendant did not act willfully or with malice or reckless indifference to Plaintiff's statutory rights.

18. Plaintiff is not entitled to a jury trial according to the terms of Plaintiff's contract.

19. Without conceding burden of proof, liability, or that Plaintiff was damaged by the actions of Defendant, Defendant states that any alleged harm suffered by Plaintiff is subject to apportionment based on any other stresses in Plaintiff's life.

20. Plaintiff's recovery is barred in whole or in part by her failure to exercise reasonable care and diligence to mitigate any alleged damages. Further, Plaintiff's damages, if any, must be reduced by actual amounts Plaintiff has earned in mitigation of her damages.

21. Plaintiff's claims are barred, in whole or in party, by reason of the applicable filing deadlines and statute of limitations and/or Plaintiff's failure to exhaust administrative remedies.

22. Plaintiff's claims are barred in whole or in part by the doctrine of waiver or estoppel.

23. Because Plaintiff's Complaint is vague, ambiguous, and couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Defendant reserves the right to further respond and to assert any additional affirmative defenses as they become evident through discovery or investigation, including the defense of after-acquired evidence.

WHEREFORE having answered fully, Defendant Entercom Kansas City, LLC, n/k/a Entercom Kansas, LLC respectfully requests the Court grant judgment in its favor, for its costs, and for any further relief the Court deems fair and just.

Respectfully Submitted,

/s/ M. Jared Marsh
Karen J. Halbrook            (KS #14299)
M. Jared Marsh               (KS #21111)
HALBROOK WOOD, P.C.
3500 W 75th Street, Suite 300
Prairie Village, KS 66208
Tel: 913-529-1188
Fax: 913-529-1199
Email: khalbrook@halbrookwoodlaw.com
Email: jmarsh@halbrookwoodlaw.com

**ATTORNEYS FOR DEFENDANT**

**Certificate of Service**

The undersigned certifies that on this 23rd day of April 2020, the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system, which will send notice of the filing to:

Ivan L. Nugent (KS #24512)
Lara K. Pabst (KS #24454)
KRIGEL & KRIGEL, PC
4520 Main St., Ste. 700
Kansas City, Missouri 64111
Phone: (816) 756-5800
Fax: (816) 756-1999
Email: inugent@krigelandkrigel.com
Email: lpabst@krigelandkrigel.com

**ATTORNEYS FOR PLAINTIFF**

/s/ M. Jared Marsh
Attorney for Defendant