IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AFENTRA BANDOKOUDIS,

    *Plaintiff,*

vs.

ENTERCOM KANSAS CITY, LLC d/b/a
KRBZ-FM,

    *Defendant.*

Case No. 2:20-CV-02155-EFM-GEB

**MEMORANDUM AND ORDER**

Plaintiff Afentra Bandokoudis filed this action against her former employer, Defendant Entercom Kansas City, LLC, alleging various Equal Pay Act and Title VII violations. Now before the Court is Defendant's Motion to Enforce Agreement and Strike Plaintiff's Jury Demand (Doc. 31). For the reasons discussed below, the Court grants Defendant's motion.

    **I.**    **Factual and Procedural Background**

Plaintiff began her employment with Defendant in 2002, working as a co-host at one of Defendant's radio stations. With the exception of a move out of state from 2007 through 2009, Plaintiff continued working for Defendant as a co-host, and then host, until 2018. During that time, Plaintiff signed at least five employment contracts with Defendant. Plaintiff's final contract covered Plaintiff's employment from 2014 through 2018—the time period relevant to this lawsuit. Plaintiff's supervisor and then-husband, Scott Geiger, negotiated the contract for Plaintiff, as he

did for all of Plaintiff's contracts with Entercom from 2006 onward. The 2014 agreement included the following waiver provision:

> **23.** **Waiver of Right to Trial by Jury. THE PARTIES HERETO EXPRESSLY AGREE TO WAIVE ANY RIGHT THEY MAY HAVE TO A TRIAL BY JURY WITH RESPECT TO ANY CLAIM THAT IS BROUGHT BY EITHER PARTY AGAINST THE OTHER.**

Although a waiver clause was not included in Plaintiff's 2002 or 2004 employment agreements with Defendant, an identical provision was included in Plaintiff's 2011 employment agreement.[1]

In March 2020, Plaintiff brought suit against Defendant alleging various Equal Pay Act and Title VII violations and demanding a jury trial on her claims. Defendant now moves to strike Plaintiff's demand for a jury trial on the ground that Plaintiff waived her right to trial by jury in the 2014 Employment Agreement.

## II. Legal Standard

"The right of jury trial in civil cases at common law is a basic and fundamental feature of our system of federal jurisprudence which is protected by the Seventh Amendment."[2] Although trial by jury is "a vital and cherished right,"[3] "[a]greements waiving the right to trial by jury are neither illegal nor contrary to public policy."[4] The jury trial waiver must be "knowing and voluntary."[5] Although the Tenth Circuit "has not determined who carries the burden of

---

[1] The Court cannot determine from the record when the waiver provision was first added to Plaintiff's employment agreement. The provision first appears in Exhibit C, which Defendant labels as the 2006 Employment Agreement between the parties. Exhibit C, however, contains an undated contract that appears to cover employment dates from August 4, 2008, to August 3, 2011.

[2] *Jacob v. City of New York*, 315 U.S. 752, 752 (1942).

[3] *City of Morgantown. v. Royal Ins. Co.*, 337 U.S. 254, 258 (1949).

[4] *Telum Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988) (citing *McCarthy v. Wynne*, 126 F.2d 620, 623 (10th Cir. 1942)).

[5] *Hulsey v. West*, 966 F.2d 579, 581 (10th Cir. 1992).

demonstrating the knowing and voluntary nature of the waiver, 'the majority of courts have decided that the burden lies with the party seeking to enforce the contractual waiver.' "[6]

Courts generally look to four factors in determining whether a waiver was knowing and voluntary: (1) whether the clause containing the waiver was conspicuous; (2) whether there was a gross disparity in bargaining power between the parties; (3) the business or professional experience of the party opposing the waiver; and (4) whether the party opposing the waiver had an opportunity to negotiate contract terms.[7]

### III.   Analysis

First, Plaintiff does not dispute that the waiver clause was conspicuous. In addition to being enumerated identically to all other provisions of the contract, the waiver clause appeared in all capital letters and in bold. The Court therefore finds that the waiver clause was conspicuous.

Second, the Court concludes that there was not gross disparity in bargaining power between the parties. At the time of the 2014 contract, Plaintiff's show was one of the top on-air radio shows in the Kansas City market and Plaintiff received a significant pay raise from the terms of her 2011 contract. Although there is inevitably disparity in bargaining power between an employer and an employee, the Court concludes that the facts here do not establish *gross* disparity.[8]

Third, the Court must analyze Plaintiff's business and professional experience. Although Plaintiff asserts that the business of a radio host is related to music and current affairs, she alleged

---

[6] *Boyd v. U.S. Bank Nat. Ass'n*, 2007 WL 2822518, at *18 (D. Kan. 2007) (quoting *Hulsey*, 966 F.2d at 581).

[7] *Webster Capital Fin., Inc. v. Newby*, 2013 WL 589626, at *3 (D. Kan. 2013) (citation omitted).

[8] *See Boyd*, 2007 WL 2822518, at *19 (stating that "a disparity in bargaining power exists in most transactions between a commercial party and an individual, however, the relevant inquiry is whether this disparity was 'gross' as suggested by the Tenth Circuit") (citation omitted).

in her complaint that her responsibilities at Entercom "consistently required her to perform at a highly strategic and innovative level, and to generate revenue and endorsements for Entercom." Further, Plaintiff had entered into at least four contracts with Entercom over a twelve-year period prior to entering the 2014 contract. Although Plaintiff's day-to-day duties may not have included the negotiation of business contracts, the Court concludes that Plaintiff's experience is sufficient to allow her to understand the ramifications of an explicit waiver of the right to trial by jury. Moreover, Plaintiff does not assert at any point in her response to Defendant's motion that she did not know that the waiver was included in the contract or that she did not understand the waiver. Thus, the "[l]arge disparities in education and familiarity with the commercial processes [which] can permit an overreaching party to turn the other party's lack of knowledge into an unfair advantage"[9] do not exist here.

Fourth, the Court considers whether Plaintiff had an opportunity to negotiate the contract's terms. Plaintiff provides deposition testimony asserting that Plaintiff's supervisor negotiated the contracts for all "air staff" and thus, Plaintiff did not have the opportunity to negotiate her own employment agreement. Although this fact weighs against a finding of knowing and voluntary waiver, it is insufficient to outweigh the other three factors. As addressed above, Plaintiff had entered into numerous contracts with Entercom over a period of years, was one of the top on-air radio shows in the Kansas City market, and received a pay raise as a result of her 2014 employment agreement. If Plaintiff was uncomfortable with the terms of the contract, she had the opportunity to voice her opinion or look for employment elsewhere.

---

[9] *Id.* at *19.

Finally, Plaintiff suggests that the Court consider a sometimes used fifth factor—whether the parties were represented by counsel. Although Plaintiff was not represented by counsel in the contract negotiations, Plaintiff presents no evidence that she did not have the opportunity to seek advice of counsel, or that she did not understand the waiver provision. Similarly, in two of the three cases cited by Plaintiff, the court determined that lack of counsel did not invalidate the contracts' waiver provisions.[10] In the third, this Court did not hold that lack of counsel was fatal to enforcement of a waiver clause, but rather, denied a motion to enforce without prejudice due to insufficient evidence in the record.[11] Plaintiff therefore asserts no basis for her claim that lack of representation made her waiver unknowing or involuntary.

Although the right to jury trial is a vital and cherished right, the Court is loath to set aside lawful provisions of a valid contract entered into by two consenting parties. Because Defendant has presented sufficient evidence that Plaintiff's waiver was knowing and voluntary, Defendant's motion is granted.

**IT IS THEREFORE ORDERED** Defendant's Motion to Enforce Agreement and Strike Plaintiff's Jury Demand (Doc. 31) is **GRANTED.**

---

[10] *Fifth Third Bank v. KC II Insure Servs., LLC*, 2011 WL 13228763, at *4 (D. Kan. 2011) ("Yet, even assuming the Defendants were unrepresented at the time of signing, the Court has no reason to believe the jury waiver was misunderstood or misinterpreted due to lack of legal representation."); *PostNet Int'l Franchise Corp. v. Amercis Int'l, Inc.*, 2006 WL 1775599, at *3 (D. Colo. 2006) (noting that although the party opposing waiver was not represented by counsel, the jury waiver clause was clear and easy to understand).

[11] *Bevill Co. v. Sprint/United Mgmt. Co.*, 2006 WL 2921006, at *1–2 (D. Kan. 2006).

**IT IS SO ORDERED.**

Dated this 22nd day of April, 2021.

                                      ERIC F. MELGREN
                                      UNITED STATES DISTRICT JUDGE

Case 2:20-cv-02155-EFM-GEB   Document 70   Filed 04/22/21   Page 6 of 6

-6-