IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **AFENTRA BANDOKOUDIS,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**ENTERCOM KANSAS CITY, LLC,**<br>d/b/a KRBZ-FM,<br><br>        **Defendant.** | Case No. 2:20-cv-02155-EFM-GEB |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION
OF THE COURT'S ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

Plaintiff Afentra Bandokoudis submits this Memorandum in Opposition to the Motion for Partial Reconsideration of the Court's Order Denying Defendant's Motion for Summary Judgment filed by Defendant Entercom Kansas City, LLC on May 24, 2022 (Doc. #146).

**Introduction and Background**

Plaintiff asserts a claim under the Equal Pay Act alleging she was paid significantly less than male colleagues who performed substantially equal work. Defendant moved for summary judgment on this claim, and its memorandum in support of the motion argued that Plaintiff's pay differential was justified by (1) quantity and quality of output; and (2) factors other than sex. (Doc. #94 at 32-34.) These are affirmative defenses on which Defendant bears the burden of proof. *Allen v. Garden City Co-Op, Inc.*, 651 F. Supp. 2d 1249, 1255-56 (D. Kan. 2009) (citing *Mickelson v. New York Life Ins. Co.*, 460 F.3d 1304, 1311 (10th Cir. 2006)).

As factors other than sex, Defendant argued that Plaintiff's pay differential while employed by Defendant was justified by her compensation in subsequent employment with Cumulus Media and her purported performance issues in that subsequent employment. (Doc. #94 at 33-34.) Defendant suggested that it had paid Plaintiff her "market rate" because she subsequently negotiated a "substantially similar" salary with Cumulus Media. (*Id.*) And Defendant further suggested that Plaintiff's purported performance issues in her subsequent employment with Cumulus Media were "essentially an extension of her poor performance [for Defendant], which is what ultimately drove Defendant's decision not to renew her employment agreement." (*Id.* at 34.). Defendant concludes that Plaintiff's pay and performance issues at Cumulus Media is evidence "upon which Defendant was entitled to rely in establishing a compensation rate for Plaintiff which differed from other radio show hosts in Defendant's Kansas City cluster." (*Id.*)

There is a clear logical fallacy in Defendant's assertion that it somehow could have relied on *subsequent* events in establishing Plaintiff's salary based on factors other than sex. Obviously, Defendant had no idea how circumstances would eventually play out in 2019 when it determined Plaintiff's salary at the time her last contract was executed in 2014. Setting aside this logical fallacy, Defendant waived its arguments regarding Plaintiff's employment with Cumulus Media by failing to include them in the Pretrial Order (Doc. #92.) Specifically, the Pretrial Order asserts only that "factors other than sex" justified the non-renewal of Plaintiff's employment contract (not any pay disparity), and the only factor other than sex identified in the Pretrial Order is Plaintiff's supposed attendance issues while working for Defendant, which purportedly had a "significant and direct impact upon her radio show's ratings and revenue so that Defendant could not justify Plaintiff's continued employment." (*Id.* at 16, § 4(b)(ii)(c).)

The Pretrial Order does not claim even generally that "factors other than sex" justified a pay disparity between Plaintiff and her male colleagues. Nor does it mention Plaintiff's subsequent employment with Cumulus Media, let alone suggest that Plaintiff's pay disparity was justified by a "market rate," that such a "market rate" is indicated in her compensation with Cumulus Media, or that her purported performance issues at Cumulus Media have any bearing on what she should have been paid while employed by Defendant. The alleged performance issues at Cumulus Media were not related to Plaintiff's attendance,[1] which is the specific issue Defendant cites in the Pretrial Order to justify its non-renewal of Plaintiff's contract.

In its order denying Defendant's motion for summary judgment, the Court correctly held that Defendant waived its argument regarding Plaintiff's market rate and poor performance at Cumulus Media by not including that defense in the Pretrial Order. (*See* Doc. #134 at 16.) Defendant's motion for reconsideration of that issue should be denied.

## **Argument and Authorities**

Defendant argues that the Court should reconsider its prior order to correct clear error and prevent manifest injustice. The only clear error in this circumstance is Defendant's failure to make any reference in the Pretrial Order to Plaintiff's market rate or performance at Cumulus Media as a defense against the Equal Pay Act claim. There is no basis for reconsideration of the Court's prior order because it is black letter law in the Tenth Circuit that defenses "not included in the pretrial order are waived." *Wilson v. Muckala*, 303 F.3d 12017, 1215 (10th Cir. 2002).

---

[1] *See, e.g.*, Declaration of Afentra Bandokoudis, Doc. #103-1, ¶ 54. Defendant's summary judgment papers assert that "Plaintiff still struggled with attendance" at Cumulus Media (Doc. #94 at 34), but the referenced statements of fact and cited record material say nothing at all about attendance issues while Plaintiff was employed by Cumulus Media. *See* Doc. #94 at 19, Statements of Fact No. 112 & 113. In fact, the word "attendance" does not appear one time in the deposition testimony Defendant cited in its Statements of Fact. *See* Donna Baker Deposition, Doc. #94-8, at 40:11-44:9, 46:9-53:6.

3

"[O]n a motion to reconsider, 'courts will not address new arguments or evidence that the moving party could have raised before the decision issued.'" *Walker v. Corizon Health, Inc.*, No. 17-2601-DDC-KGG, 2022 US Dist. LEXIS 87253, *23 (D. Kan. May 13, 2022) (quoting *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020)). This is "not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Id.* at *23-24 (quoting *United States v. Warren*, 22 F.4th 917, 927 (10th Cir. 2022)). And a motion to reconsider "does not 'permit a party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.'" *Fiscus v. Salazar*, No. 21-cv-1127-EFM-KGG, 2021 US Dist. LEXIS 228470, *2 (D. Kan. Nov. 30, 2021) (quoting *Anderson v. Equifax Info. Servs., LLC*, 292 F. Supp. 3d 1211, 1214 (D. Kan. 2017)).

In this case, as the Court noted in its summary judgment order, Plaintiff raised the issue of waiver in its summary judgment response and "Defendant [did] not address this omission in its reply brief." (Doc. #134 at 16.) It is too late now for Defendant to argue the point when it failed to do so at the earlier opportunity. This is reason enough for the Court to deny Defendant's motion for reconsideration. *See Fiscus*, 2021 US Dist. LEXIS 228470, *2 ("[A motion for reconsideration] is not an appropriate tool to 'advance arguments that could have been raised in prior briefing'" (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000))).

In any event, it is also apparent that the motion for reconsideration should be denied on its substance. Defendant concedes that the Pretrial Order was "perhaps inartfully drafted" but argues that it should be given leeway because it nevertheless included the magic words "factors other than sex" in its defenses. (Doc. #146 at 2, ¶ 5.) This argument should be rejected for numerous reasons.

4

First, it is indisputable that Defendant's section on defenses in the Pretrial Order does not mention the "market rate" for Plaintiff's salary, her purported performance issues at Cumulus Media, or anything else about her subsequent employment with Cumulus Media. Not only are these points irrelevant in Defendant's justification of Plaintiff's pay disparity, but there is no reasonable argument that the issues were preserved for trial even if they could generously be considered potentially relevant. *See Reed Auto of Overland Park, LLC v. Landers McLarty Olathe KS, LLC*, No. 2:19-cv-02510-HLT, 2021 US Dist. LEXIS 57622, *13-16 (D. Kan. Mar. 26, 2021) (noting that the pretrial order "should reflect a complete picture of the parties' contentions" and finding that a challenged defense was not preserved with a "vague assertion" in the pretrial order).

Merely including a generic reference to "factors other than sex" in the Pretrial Oder is not sufficient to preserve the specific defense that Plaintiff's pay disparity is justified by her "market rate" of compensation and purported performance issues in subsequent employment at Cumulus Media. Not only is that specific issue not mentioned (or even hinted at) in the Pretrial Order, there is also no indication of the defense in the Answer (Doc. #3). The omission of the defense from the Pretrial Order was not a mistake or oversight; the defense was never properly pleaded in the first place, and Defendant is now attempting to sneak the defense in the back door on the eve of trial. This is highly prejudicial and is further reason why the defense should be deemed waived and the motion for reconsideration rejected. *Koch v. Koch Indus., Inc.*, 179 F.R.D. 591, 596 (D. Kan. 1998) ("A proper pretrial order should sharpen and simplify the issues for trial. The office of the pretrial order as a procedural tool is to insure the economical and efficient trial of every case on its merits without *chance or surprise*." (internal citations, quotations and brackets omitted)).

This is especially true because the Pretrial Order does not just state that Defendant relied on "factors other than sex," but specifies that these factors related to the "decision not to renew Plaintiff's Employment Contract" and "included Plaintiff's inability to regularly attend work on time and its significant and direct impact upon her radio show's ratings and revenue so that Defendant could not justify Plaintiff's continued employment." (Doc. #92 at 16.) The specificity of these contentions *relating to Plaintiff's employment with Defendant* confirms that the separate events regarding Plaintiff's subsequent employment with Cumulus Media were deliberately omitted from the Pretrial Order and are waived. *See Walters v. Monarch Life Ins. Co.*, No. 91-2396-GTV, 1993 US Dist. LEXIS 9406, *6-7 (D. Kan. June 29, 1993) ("The court disagrees with defendant's argument that its use of the phrase 'under the policy provisions' in the pretrial order necessarily includes a residual disability defense, particularly when one notes that all of defendant's other contentions in the pretrial order are quite specific. The court understands its duty to construe the pretrial order liberally to include all legal and factual theories inherent in the issues defined therein, but even the most liberal reading of the pretrial order in this case does not disclose any hint that residual disability was to be an issue in the case. The phrase itself is never mentioned in the pretrial order." (internal citations omitted)).

Finally, there is no clear error in the Court's rejection of this defense because it would fail as a matter of law even if it was preserved in the Pretrial Order. Market factors can only justify pay differential if they are considered *before* the differential is established. *See* EEOC Compliance Manual, supra, § 10-IV(F)(2)(g) ("Market value qualifies as a factor other than sex only if the employer proves that it assessed the marketplace value of the particular individual's job-related qualifications, and that any compensation disparity is not based on sex."). Here, events that occurred in

6

Plaintiff's subsequent employment with Cumulus Media cannot give Defendant retroactive cover for its alleged discriminatory pay practices. The events had not yet happened and could not have been considered by Defendant when it established Plaintiff's rate of compensation upon execution of her last contract in 2014. The Court made a similar point in its analysis of pretext, noting that "it is undisputed that Plaintiff's ratings and audience demographic ranking were consistently high when she entered into her last contract with Entercom" and that later events "could have no bearing on the decision to pay Plaintiff less than [comparator Johnny] Dare" at that time. (Doc. #134 at 12.) There can be no clear error or manifest injustice in refusing to construe the Pretrial Order to include a defense that is doomed from the start. The motion to reconsider on this basis should be denied.

## Conclusion

For these reasons, Plaintiff Afentra Bandokoudis respectfully requests that the Court deny Defendant Entercom Kansas City, LLC's Motion for Partial Reconsideration of the Court's Order Denying Defendant's Motion for Summary Judgment (Doc. #146). In doing so, the Court should confirm that issues related to Plaintiff's employment at Cumulus have been waived as a defense to the Equal Pay Act claim.

This issue is closely tied to the motion in limine Plaintiff filed to exclude the testimony of Cumulus Regional Vice President Donna Baker (Doc. #144), who would provide testimony at trial on the issues of Plaintiffs "market rate" and purported performance issues in her subsequent employment at Cumulus Media. Plaintiff acknowledges in her recently filed response to that motion in limine that the relevance of Ms. Baker's testimony on Plaintiff's "market rate" salary depends on the Court granting this motion for reconsideration. (*See* Doc. #152 at 2-3.) Barring that, the

testimony of Ms. Baker on this issue remains irrelevant and inadmissible. And the same is true for her testimony on Plaintiff's performance issues at Cumulus Media, which has no relevance whatsoever if the Court confirms that the issue has been waived.[2]

Respectfully submitted,

KRIGEL & KRIGEL, PC

By: /s/ Stephen J. Moore
Ivan L. Nugent          KS #24512
Lara Krigel Pabst       KS #24454
Stephen J. Moore        KS #23038
Benjamin P. Varenhorst  KSD #78969
4520 Main Street, Suite 700
Kansas City, Missouri 64111
Telephone:  816.756.5800
Facsimile:  816.756.1999
inugent@krigelandkrigel.com
lpabst@krigelandkrigel.com
sjmoore@krigelandkrigel.com
bvarenhorst@krigelandkrigel.com

*Attorneys for Plaintiff Afentra Bandokoudis*

---

[2] Defendant suggests Ms. Baker's testimony on Plaintiff's pay is relevant to the issue of back pay damages, but the amount Plaintiff was paid while employed by Cumulus Media is not in dispute, is clearly reflected in documentary evidence, and can easily be included in the trial record without Ms. Baker's testimony. Defendant also suggests Ms. Baker's testimony at trial on Plaintiff's performance issues could be used to impeach Plaintiff on the reasons for her termination from Cumulus Media. But if Plaintiff's employment at Cumulus Media is irrelevant from the start because the issue is waived (or because after-the-fact events have no bearing on the pay determination that is at issue under the Equal Pay Act), that subject of potential impeachment is also irrelevant. It should also be noted that Defendant's response to the motion in limine paints an inaccurate and incomplete picture of Plaintiff's testimony on the subject of her employment at Cumulus. As Defendant well knows from its own summary judgment motion, Plaintiff testified directly and candidly in her deposition about issues that occurred while she was at Cumulus Media. (*See* Doc. #94 at 18, Statement of Fact No. 111.) There is simply no relevance in, and no need for, the testimony that Defendant intends to elicit from Ms. Baker at trial.

## **CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that the foregoing document was filed this 27th day of May 2022 via the Court's CM/ECF system, which shall send electronic notice of the same to the following counsel of record:

**Counsel for Defendant**
Karen J. Halbrook
Mitchell E. Wood
Lindsay P. Windhaw
Kathryn S. Rickley
HALBROOK WOOD, P.C.
3500 West 75th Street, Suite 300
Prairie Village, Kansas 66208

                                               */s/ Stephen J. Moore*
                                               Attorney for Plaintiff