IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AFENTRA BANDOKOUDIS<br><br>     Plaintiff,<br><br>v.<br><br>ENTERCOM KANSAS CITY, LLC<br>d/b/a KRBZ-FM<br><br>     Defendant. | Case No. 2:20-cv-02155-EFM-GEB |

**REPLY IN SUPPORT OF DEFENDANT'S AMENDED MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Entercom Kansas City, LLC d/b/a KRBZ-FM, by and through its undersigned counsel, submits this Reply in Support of *Defendant's Amended Motion for Partial Reconsideration of the Court's Order Denying Defendant's Motion for Summary Judgment* (Doc. 146). For the reasons explained herein and in its original Motion, Defendant respectfully requests that the Court grant this Motion for Partial Reconsideration.

**I. INTRODUCTION**

On September 20, 2021, the Court entered a Pretrial Order that outlined the Parties' Claims and Defenses. *See* Doc. 92, pp. 13-16. Section 4(b)(ii) of the Pretrial Order outlined Defendant's defenses to Plaintiff's Equal Pay Act Claim. *Id.* at 15-16. These included the defense that "[b]ased on the quality and quantity of Plaintiff's output, Plaintiff was compensated in a manner that was fair and was equal to, or greater than, her counterparts in Defendant's Kansas City radio cluster . . ." and the defense that Defendant's actions were "based entirely on factors other than sex." *See* Doc. 92, pp.15-16. In Defendant's Motion for Summary Judgment, filed on September 30, 2021,

1

Defendant argued that Plaintiff's compensation was based on the quality and quantity of Plaintiff's output and factors other than sex (Doc. 94).

On May 9, 2022, the Court entered an Order denying Defendant's Motion for Summary Judgment (Doc. 134) (the "Order"). The Order included analysis regarding Defendant's Affirmative Defenses with respect to Plaintiff's Equal Pay Act Claim. *See* Doc. 134, pp. 12-16. The Court determined that Defendant's argument that it relied on factors other than sex to justify any alleged pay disparity– Plaintiff's market rate and poor performance, was not included in the Pretrial Order, that Defendant did not address this omission in its reply brief, and that the defense was therefore waived. *See* Doc. 134, p. 16.

Defendant moved for reconsideration of the Court's decision that Defendant waived the affirmative defense that any disparity in pay was based on factors other than sex, Plaintiff's market rate and poor performance. "A party may seek reconsideration on the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.'" *United States v. Chavez-Cadenas*, No. 09-200005-10-DDC, 2021 WL 3737126, at *2 (D. Kan. Aug. 24, 2021) (citing *United States v. Williams*, No. 09-40024-1-JAR, 2020 WL 7081738, at *2 (D. Kan. Dec. 3, 2020). Defendant requests that the Court grant Defendant's Motion for Reconsideration to correct clear error or prevent manifest injustice.

II.  **ARGUMENT**

   A.  **Reconsideration is Necessary to Correct Clear Error or Prevent Manifest Injustice**

A review of the Pretrial Order reveals that Defendant did include the defense that Defendant relied on "factors other than sex" within its defenses to Plaintiff's Equal Pay Act claim. As argued in Defendant's original Motion for Partial Reconsideration, Section 4(b) of the Pretrial

2

Report outlines the "Defenses of Defendant." *See* Doc. 92, p. 15. Section 4(b)(ii) is dedicated to Defendant's defenses that are applicable to Plaintiff's claims under the Equal Pay Act. *Id*. Section 4(b)(ii)(c) specifically identified "factors other than sex" as a defense to Defendant's actions. *Id.* at 16. "In construing pretrial orders, the court pays more attention to substance than to form." *Rezac Livestock Comm'n Co. v. Pinnacle Bank*, No. 15-4958-DDC, 2019 WL 7116086, at *8 (D. Kan. Dec. 23, 2019) (finding that the pretrial order, liberally construed, was broad enough to support an unjust enrichment claim despite it not being included in the "legal claims of plaintiff" section of the pretrial order).

### 1. Defendant is Not Required to Identify Every Sub-Factor of a Defense Included in the Pretrial Order

Plaintiff first argues that Defendant's argument that the market rate for Plaintiff's salary, performance issues at Cumulus Media or anything else about her subsequent employment with Cumulus Media are not mentioned in the Pretrial Order. Plaintiff also argues that including the defense that Defendant relied on "factors other than sex" in Defendant's defenses to Plaintiff's Equal Pay Act claim is insufficient to incorporate the various factors that Defendant relied on to determine Plaintiff's compensation. This would be an absurd interpretation. Defendant included the broader defense "factors other than sex" and should be able to establish those factors at trial.

An example of this absurdity would be with respect to Plaintiff's Legal Claim in the Pretrial Report that Defendant discriminated against Plaintiff in violation of the Equal Pay Act specifically by "[r]equiring that Plaintiff meet additional metrics that her male colleagues were not required to meet in order to receive equal compensation." Plaintiff did not identify a single metric that Plaintiff was required to meet, so if the Pretrial Order is interpreted as strictly as Plaintiff suggests, Plaintiff should be prohibited from surprising Defendant with these unnamed metrics at trial. With such an unbending interpretation of the Pretrial Order, Plaintiff will be similarly limited in presenting her

claims with respect to her Title VII Discrimination claim as she limited her claim to the alleged pay differential, her allegations that was not permitted to pre-tape her show, and her allegations regarding the tracking of Plaintiff's attendance.  Plaintiff should therefore be prohibited from presenting any evidence of other forms of harassment and discrimination that have been alleged throughout the litigation of this matter.  Additionally, Plaintiff's termination should be the only form of retaliation that can be discussed at trial, as her retaliation claims only referenced Plaintiff's termination.

Defendant included "factors other than sex" as a defense to Plaintiff's Equal Protection Act claim.  Plaintiff has not cited to any case law that suggests that Defendant must identify every possible sub-factor that could be included in the broader defense identified in the Pretrial Order.

### 2. Defendant's Reliance on "Factors other than Sex" Necessarily Applies to the Alleged Pay Disparity Between Plaintiff and Male Coworkers

Plaintiff also argues that Defendant's inclusion of the defense that it relied on "factors other than sex" should be limited because the Pretrial Order specifies that these factors related to the "decision not to renew Plaintiff's Employment Contract."  Plaintiff then argues that the specificity of these contentions relating Plaintiff's employment with Defendant confirms that the separate events regarding Plaintiff's subsequent employment with Cumulus Media were deliberately omitted from the Pretrial Order.  Plaintiff, however, failed to address Defendant's argument that the decision not to renew Plaintiff's employment contract is completely irrelevant to Plaintiff's Equal Pay Act Claim.  The reference to the decision not to renew Plaintiff's employment contract should therefore not result in a waiver of the factors other than sex affirmative defense.  The defense is included within the section of the Pretrial Order outlining the defenses to Plaintiff's Equal Pay Act claim, which must necessarily relate to the alleged pay disparity between Plaintiff

and her male coworkers as that is the entire basis of the claim. Liberally construed, the Pretrial Order is broad enough to support Defendant's defense to Plaintiff's Equal Pay Act Claim that it relied on "factors other than sex." A determination otherwise would be severely detrimental to Defendant.

### 3. The Inclusion of Specific Examples of "Factors Other Than Sex" Should Not Limit Defendant's Ability to Address Other Factors at Trial

Finally, Plaintiff suggests that Defendant's inclusion of factors other than sex that Defendant identified in the Pretrial Order somehow prevents Defendant from subsequently identifying other factors that it relied on. In the Pretrial Order, Defendant stated that it relied on "factors other than sex, *which included* Plaintiff's inability to regularly attend work on time. . . ." Doc. 92, p. 16. The use of the language "which included" necessarily implies the possibility of other factors. It should not be a surprise to Plaintiff that Defendant relied on other factors, including Plaintiff's market rate and performance. Plaintiff further suggests that the specificity of Defendant's contentions relating to Plaintiff's employment with Defendant confirms that events regarding Plaintiff's subsequent employment with Cumulus Media were deliberately omitted from the Pretrial Order and are waived. This argument doesn't make any sense. Defendant's decisions regarding Plaintiff's compensation certainly related to Plaintiff's employment with Defendant and Defendant has never suggested otherwise. Plaintiff's compensation at Cumulus Media and continued performance issues at Cumulus Media are merely *supporting evidence* that Plaintiff was being paid her market rate when working for Defendant. Plaintiff's subsequent compensation and performance at Cumulus Media is not its own defense that needed to be referenced in the Pretrial Order.

### 4. Plaintiff's Market Rate and Performance are also Incorporated in Defendant's Defense that Plaintiff's Compensation was Fair Based on the Quantity and Quality of Plaintiff's Output

In addition to identifying that Defendant relied on factors other than sex, Defendant also included the defense that "[b]ased on the quality and quantity of Plaintiff's output, Plaintiff was compensated in a manner that was fair and was equal to, or greater than, her counterparts in Defendant's Kansas City radio cluster. . .." Doc. 92, p. 15.  It is difficult to imagine how market rate and Plaintiff's performance would not be encompassed in this defense which specifically references the quality and quantity of Plaintiff's output and that Plaintiff was paid in a manner that was "fair and was equal to, or greater than, her counterparts in Defendant's Kansas City radio cluster."

### 5. Plaintiff Cannot Reasonably Claim Prejudice or Surprise

Although Plaintiff suggests that Defendant is attempting to "sneak the defense in the back door on the eve of trial," Plaintiff can hardly claim surprise that Plaintiff's compensation and performance at Cumulus Media are an issue for trial.  Contrary to Plaintiff's assertion, Defendant's Answer did include an affirmative defense stating that "Plaintiff cannot meet her burden of proving a claim of gender discrimination and/or Equal Pay Act because Plaintiff's gender did not play a role and did not have a determinative influence on the terms and conditions of her employment, including her pay, or the decision to allow her contract to expire according to its own terms and not renew, and was not a motivating factor in any such decision." Doc. 3, pp. 9-10.  This is a reference to Defendant's reliance on factors other than sex, which is as specific as Defendant should be required to be in an Answer and the Pretrial Order.  The consideration of Plaintiff's market rate and poor performance are encompassed within Defendant's broader reference to "factors other than sex" in the Pretrial Order, Defendant's consideration of the quality and quantity

of Plaintiff's output and compensation in a manner that was fair and equal or greater than counterparts as included in the Pretrial Order, and Defendant's affirmative defense that gender did not have a determinative influence on the terms and conditions of her employment, including her pay, as included in Defendant's Answer.

Additionally, Defendant's reliance on Plaintiff's performance and salary at Cumulus Media as evidence of Plaintiff's market rate and that Defendant had been paying her fairly should not be a surprise to Plaintiff due to the multitude of evidence developed on this issue. Defendant sought and produced Plaintiff's personnel records from Cumulus Media throughout discovery. Additionally, Donna Baker, Regional Vice President for Cumulus Media's Kansas City Operation, was deposed with the primary focus being Plaintiff's performance and compensation at Cumulus Media. Defendant also included Ms. Baker in its Rule 26 Disclosures, stating that Ms. Baker would testify at trial regarding Plaintiff's salary earned and negotiated while working at Cumulus, negotiations with Plaintiff's Agent Ross Eatman, and Plaintiff's failed ratings and performance failings while employed with Cumulus from January 28, 2019. *See* Ex. A, *Defendant Entercom Kansas City, LLC, d/b/a KRBZ-FM's Supplemental Rule 26(a)(1) Disclosures*, p. 3. Plaintiff cannot realistically claim surprise that Defendant intends to offer the salary she was able to negotiate at Cumulus Media as evidence that Defendant was paying Plaintiff market rate during her employment with Entercom. Plaintiff also cannot claim surprise that her performance issues at Entercom were considered in determining her compensation and that her performance issues at Cumulus Media support that Defendant's consideration of Plaintiff's performance issues was justified. Plaintiff's performance was discussed at length in nearly every deposition in this case, including her performance at Cumulus Media in both Plaintiff's deposition and Ms. Baker's deposition.

### B. Reconsideration is Appropriate

Defendant's Motion to Reconsider is not a second chance for Defendant to make its strongest case or to dress up arguments that previously failed. *See United States v. Warren*, 22 F.4th 917, 927 (2022). This is not a situation where this issue was extensively briefed and Defendant is attempting to include new arguments about an issue it previously argued in its Reply Brief. This issue amounted to one sentence in *Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment* ("Opposition to Motion for Summary Judgment") followed by three paragraphs of substantive argument. *See* Doc. 103, pp. 73-75.

Defendant is not asking the Court to reconsider its ultimate decision denying Defendant's Motion for Summary Judgment. The waiver of a defense is not a foreseeable outcome of briefing on a Motion for Summary Judgment. Defendant is therefore not attempting to rehash prior arguments or arguments that should have been raised during the summary judgment briefing. Defendant is merely asking the Court to reconsider its decision that Defendant waived a defense by failing to respond to a one-sentence argument by Plaintiff in Defendant's Reply in Further Support of Defendant's Motion for Summary Judgment. To the extent Defendant failed to respond to Plaintiff's waiver argument, any waiver should only apply to the Court's decision with respect to the Motion for Summary Judgment; Defendant should not be limited in the defenses it can assert at trial as a result of the Court's Summary Judgment Order.

Additionally, unlike the Defendant in *Walker v. Corizon Health, Inc.*, this is not a situation where Defendant is asking the Court to reconsider an issue that Defendant explicitly declined to assert. *See Walker v. Corizon Health, Inc.*, No. 17-2601-DDC-KGG, 2022 US Dist. LEXIS 87253, *3 (D. Kan. May 13, 2022) (noting that the defendant explicitly chose not to raise a particular argument on summary judgment because he was only seeking summary judgment with respect to

8

a different component). Reconsideration of the Court's decision that Defendant waived the affirmative defense that any disparity in pay was based on factors other than sex, Plaintiff's market rate and poor performance, is appropriate.

### C. **Plaintiff Has Misconstrued Defendant's Argument Regarding Plaintiff's Market Rate and Performance at Cumulus Media**

Plaintiff's Opposition to the Motion for Partial Consideration demonstrates a clear misunderstanding of Defendant's reliance on her compensation and performance at Cumulus Media in this case. Plaintiff argues that "there is a clear logical fallacy in Defendant's assertion that it somehow could have relied on subsequent events in establishing Plaintiff's salary based on factors other than sex. *See* Doc. 153, p. 2. Plaintiff misstates Defendant's argument with respect to Plaintiff's market rate, claiming that "Defendant concludes that Plaintiff's pay and performance issues at Cumulus Media is evidence 'upon which Defendant was entitled to rely in establishing a compensation rate for Plaintiff which differed from other radio show hosts in Defendant's Kansas City cluster.'" *See* Doc. 153, p. 2. This interpretation of Defendant's argument is nonsensical. Defendant's argument is instead that the salary Plaintiff was able to negotiate at Cumulus supports Defendant's argument that the salary she was paid at Entercom was market rate. Defendant has never suggested that it *relied on* Plaintiff's salary at Cumulus or performance at Cumulus when negotiating Plaintiff's salary in 2014. Plaintiff's argument is merely an attempt to confuse the issue and make it appear that there is no logical relevance to Plaintiff's compensation or performance at Cumulus Media.

### III. CONCLUSION

WHEREFORE, in order to correct clear error of prevent manifest injustice, Defendant respectfully requests reconsideration of the Court's finding that Defendant waived its defense to

9

Plaintiff's Equal Pay Act claim that it relied on factors other than sex – Plaintiff's market rate and poor performance.

                                                  Respectfully Submitted,

                                                  */s/ Kathryn S. Rickley*

Karen J. Halbrook             (KS #14299)
Mitchell E. Wood            (KS #24052)
Lindsay P. Windham       (KS #26212)
Kathryn S. Rickley          (KS #23211)
HALBROOK WOOD, P.C.
3500 W 75th Street, Suite 300
Prairie Village, KS 66208
Tel: 913-529-1188
Fax: 913-529-1199
Email: khalbrook@halbrookwoodlaw.com
Email: mwood@halbrookwoodlaw.com
Email: lwindham@halbrookwoodlaw.com
Email: krickley@halbrookwoodlaw.com
ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

   The undersigned certifies that on this 31st day of May 2022, the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system, and served via email to:

Ivan L. Nugent (KS #24512)
Lara K. Pabst (KS #24454)
KRIGEL & KRIGEL, PC
4520 Main St., Ste. 700
Kansas City, Missouri 64111
Phone: (816) 756-5800
Fax: (816) 756-1999
Email: inugent@krigelandkrigel.com
Email: lpabst@krigelandkrigel.com
ATTORNEYS FOR PLAINTIFF

                */s/ Kathryn S. Rickley*
                ATTORNEY FOR DEFENDANT