## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

AFENTRA BANDOKOUDIS,

       *Plaintiff,*

 vs.

ENTERCOM KANSAS CITY, LLC d/b/a
KRBZ-FM,

       *Defendant.*

Case No. 2:20-CV-02155-EFM-GEB

## MEMORANDUM AND ORDER

Plaintiff Afentra Bandokoudis filed this action against her former employer, Defendant Entercom Kansas City, LLC,[1] alleging various Equal Pay Act and Title VII violations.  Now before the Court is Defendant's Amended Motion for Partial Reconsideration of the Court's Order Denying Defendant's Motion for Summary Judgment (Doc. 146).  Defendant argues that the Court erred in concluding that Defendant failed to raise its "factors other than sex" defense to Plaintiff's Equal Pay Act claim in the Pretrial Order.  For the reasons discussed below, the Court denies Defendant's Motion, but will allow Defendant to raise the defense at trial.

---

[1] Entercom Kansas City, LLC, is now known as Audacy Kansas, LLC.

## I.      Factual and Procedural Background

On September 30, 2021, Defendant filed its Motion for Summary Judgment as to all of Plaintiff's claims against it.  In addressing Plaintiff's Equal Pay Act claim, Defendant proffered the statutory affirmative defense that it relied on factors other than sex in determining Plaintiff's pay—namely, Plaintiff's market value and poor performance.[2]  In her response to Defendant's Motion, Plaintiff argued that Defendant failed to raise this defense in the Pretrial Order, and that Defendant had therefore waived the defense.  In its reply to Plaintiff's Memorandum in Opposition, Defendant continued to argue that Plaintiff's pay was set by her market value and performance but failed to address Plaintiff's argument regarding the omission from the Pretrial Order.

On May 9, 2022, this Court entered its Memorandum and Order denying Defendant's Motion for Summary Judgment.  In addressing Defendant's Equal Pay Act defense, the Court stated:

> Next, the Court turns to Defendant's argument that it relied on factors other than sex—Plaintiff's market rate and poor performance.  As noted by Plaintiff, this defense was not included in the Pretrial Order, and Defendant does not address this omission in its reply brief.  The defense is therefore waived.  Defendant's request for summary judgment as to Plaintiff's Equal Pay Act claim is denied.[3]

Defendant now moves for reconsideration, arguing that Court erred in concluding that Defendant failed to include its "factors other than sex" defense in the Pretrial Order.

---

[2] Although Defendant raised a number of other arguments, none are pertinent to the pending Motion for Partial Reconsideration.

[3] Doc. 134, at p. 16 (citing *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002)).

## II.     Legal Standard

Local Rule 7.3 governs motions to reconsider.[4]  "The standards governing motions to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence."[5] A motion to reconsider is not an appropriate method for a party to revisit issues already addressed or to advance new arguments and supporting facts that were originally available.[6]  In other words, "[a] party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider."[7]  The decision regarding whether to grant or to deny a motion for reconsideration is left within the sound discretion of the district court.[8]

## III.     Analysis

In its Motion for Partial Reconsideration, Defendant argues that the Pretrial Order does in fact identify factors other than sex as a defense to its actions.  Defendant asserts that it inadvertently stated in the Pretrial Order that its *decision not to renew* Plaintiff's Employment Contract was based entirely on factors other than sex, rather than that Plaintiff's *pay* was based on factors other than sex.  Defendant further argues that because this "perhaps inartfully drafted" sentence was included within its defenses to Plaintiff's Equal Pay Act claim and because its decision not to

---

[4] D. Kan. R. 7.3.

[5] *Eissa v. Aetna Life Ins. Co.*, 2011 WL 3611492, *1 (D. Kan. 2011) (quoting *Comeau v. Rupp*, 810 F. Supp. 1172, 1174–75 (D. Kan. 1992)).

[6] *Id.*

[7] *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005) (quoting *Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998)).

[8] *Vanlerberghe v. Apfel*, 2000 WL 360104, *1 (D. Kan. 2000) (citations omitted).

renew Plaintiff's contract could have no bearing on Plaintiff's Equal Pay Act claim, it is reasonable to interpret Defendant's inclusion of the defense as applying to Plaintiff's alleged pay disparity.

None of these arguments were before the Court at the summary judgment stage, however. Defendant wholly failed in its reply brief to address Plaintiff's arguments regarding the exclusion of the defense from the Pretrial Order, and motions to reconsider may not be used to introduce new arguments or supporting facts that were available when the party briefed the original motion.[9] Further, Defendant provides no explanation for its failure to include this argument in its reply brief. "Absent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed."[10]   The Court therefore will not reconsider Defendant's "factors other than sex" affirmative defense as to Plaintiff's Equal Pay Act claim for purposes of summary judgment.

The Court, however, recognizes its duty to liberally construe the Pretrial Order "to cover any of the legal or factual theories that might be embraced by its language."[11]  Although the Court disagrees with Defendant's position that the Defenses subsection put Plaintiff on notice of its contention that Plaintiff's pay was set by her performance and market value, reading the Pretrial Order as a whole, the Contentions of Defendant subsection contemplates these arguments.

In that subsection, Defendant contends that Plaintiff's comparator achieved higher ratings and revenue than Plaintiff and was required to make additional public appearances and endorsements not required of Plaintiff.  This reasonably put Plaintiff on notice that Defendant

---

[9] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[10] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[11] *Koch v. Koch Indus.*, 203 F.3d 1202, 1220 (10th Cir. 2000) (citation and alteration omitted).

intended to assert that performance differences between Plaintiff and her comparator contributed to the difference in pay. Defendant also contended that Plaintiff was paid substantially the same compensation at her next employer as she was paid under her final employment contract with Defendant. This also suggests that Defendant would argue at trial that Plaintiff's pay at Entercom was commensurate with her market value. Thus, liberally construed, the Pretrial Order is broad enough to include these defenses.

Further, Plaintiff's contention that Defendant is attempting to sneak the defense in the back door on the eve of trial is without merit. Defendant asserted in its Answer that Plaintiff's gender did not play a role or have a determinative influence on her pay. Implicit in this assertion is the idea that some factor other than Plaintiff's gender must have influenced her pay. Further, discovery was conducted on these issues and Defendant raised the defense in its summary judgment motion ten days after the filing of the Pretrial Order—over eight months prior to trial. The Court therefore disagrees with Plaintiff's assertion that inclusion of the defense constitutes unfair surprise.

**IT IS THEREFORE ORDERED** that Defendant's Amended Motion for Partial Reconsideration of the Court's Order Denying Defendant's Motion for Summary Judgment (Doc. 146) is **DENIED** to the extent that Defendant asks the Court to reconsider its "factors other than sex" defense for the purpose of summary judgment. Defendant is not precluded, however, from raising this defense at trial.

**IT IS SO ORDERED.**

Dated this 3rd day of June, 2022.

*Eric F Melgren*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE